**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1386**

STEWART ENGINEERING, INC.,

        Plaintiff - Appellant,

   v.

CONTINENTAL CASUALTY COMPANY; SKANSKA USA BUILDING, INC.,

        Defendants - Appellees,

   and

ZURICH AMERICAN INSURANCE COMPANY; CLARK NEXSEN, INC.,

        Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:15-cv-00377-D)

Submitted:  October 31, 2018                       Decided:  November 7, 2018

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen P. Safran, SAFRAN LAW OFFICES, Raleigh, North Carolina, for Appellant. Richard A. Simpson, Leland H. Jones IV, Ashley E. Eiler, WILEY REIN LLP,

Washington, D.C., for Appellee Continental Casualty Company.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stewart Engineering, Inc. ("Stewart"), appeals the district court's order granting summary judgment in favor of Continental Casualty Company ("Continental") and holding that, as a matter of law, Continental has no further obligation to defend or indemnify Stewart against several claims that arose out of the collapse of two pedestrian bridges designed by Stewart. We affirm.

"We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

Stewart purchased a Professional Liability and Pollution Incident Insurance Policy ("policy") from Continental that obligated Continental to defend and indemnify Stewart against claims arising from Stewart's wrongful acts, with Continental's liability limited to

$3,000,000 per claim and $5,000,000 for the policy term.[1] The policy also provided that Continental would consider all related claims to be a single claim subject to the $3,000,000 limit and defined "related claims" as "all claims . . . during any policy year arising out of . . . a single wrongful act; [or] . . . multiple wrongful acts that are logically or causally connected by any common fact, situation, event, transaction, advice, or decision." J.A. 104.[2] Under the policy, Continental was not obligated to defend or indemnify Stewart after reaching the limit of liability for any claim or set of related claims.

In February 2013, Stewart contracted to furnish structural engineering designs for two new pedestrian bridges ("Bridge 1" and "Bridge 2") on the campus of Wake Technical Community College. Construction of the bridges began in October 2014, and, on November 13, 2014, Bridge 1 collapsed, killing one construction worker and injuring four others. Bridge 2 collapsed less than 24 hours later, causing no injuries or fatalities. Stewart settled, and Continental defended and indemnified Stewart against several claims arising out of the collapse of Bridge 1. Stewart does not contest that Continental indemnified Stewart up to the $3,000,000 single claim limit. Rather, the parties dispute whether several pending claims arising out of the collapse of Bridge 2 are related—as defined by the policy—to the Bridge 1 claims and thus whether Continental must

---

[1] Continental does not contest that the claims at issue in this case occurred within the policy term.

[2] "J.A." refers to the joint appendix filed by the parties on appeal.

4

continue to defend and indemnify Stewart up to the $5,000,000 policy term limit.[3] The district court concluded that the Bridge 2 claims were related to the Bridge 1 claims under the plain language of the policy. The court therefore held that Continental has no further obligation to defend or indemnify Stewart against those claims.

Federal subject matter jurisdiction in this case rests on diversity, *see* 28 U.S.C. § 1332 (2012), and the parties do not dispute that North Carolina law applies. "Pursuant to North Carolina law, the interpretation of an insurance policy is a question of law" for the court. *State Auto Prop. & Cas. Ins. Co. v. Travelers Indem. Co. of Am.*, 343 F.3d 249, 254 (4th Cir. 2003). An insurance policy is a contract, and "[a]s with all contracts, the object of construing an insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued." *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 692 S.E.2d 605, 612 (N.C. 2010) (internal quotation marks omitted). "When the policy language is clear and unambiguous, a court is required to enforce the policy as written. Terms defined in insurance policies are applied to all clauses of the insurance contract, while undefined terms are construed in accordance with their ordinary meaning." *Cont'l Cas. Co. v. Amerisure Ins. Co.*, 886 F.3d 366, 371 (4th Cir. 2018) (citation omitted).

We agree with the district court that the claims arising out of the collapse of Bridge 2 are related to the claims arising out of the collapse of Bridge 1 under the plain and unambiguous language of the policy. Stewart points to several ways in which the

---

[3] The underlying claims alleged that Stewart negligently designed the bridges.

5

collapse of Bridge 1 was distinct from the collapse of Bridge 2 and asserts that the two bridge collapses caused different sets of injuries. However, as the district court noted, claims are related under the policy if they arise out of wrongful acts that are logically or casually connected by *any* common fact. The alleged wrongful acts out of which the Bridge 1 and Bridge 2 claims arose are logically connected by multiple common facts: Stewart executed a single contract for the design of both bridges, the same Project Manager and Project Engineer worked on the design of both bridges, and, crucially, the same design flaw caused the collapse of both bridges. Moreover, a miscommunication between the Project Manager and the Project Engineer responsible for both bridges led to Stewart's failure to detect and correct the common design flaw.[4] Because the Bridge 2 claims are related to the Bridge 1 claims, and because Continental has already indemnified Stewart up to the $3,000,000 limit on related claims, the district court correctly declared that Continental has no further obligation to defend or indemnify Stewart against the Bridge 2 claims.[5]

---

[4] Contrary to Stewart's contention, the district court did not err by considering the existence of a single contract for both bridges as one of the common facts logically connecting the alleged wrongful acts, and the district court did not hold that the existence of a single contract standing alone would constitute a sufficient logical connection between the claims. Stewart's argument that the district court was required to consider whether Stewart's wrongful acts were in fact the proximate causes of the bridge collapses also finds no support in either the policy at issue or the applicable precedents.

[5] Because we affirm the district court's determination that the wrongful acts are logically connected, we need not address the question of whether the acts are causally connected.

Stewart also contends that the district court erred in considering evidence extrinsic to the claims themselves in determining that the Bridge 2 claims were related to the Bridge 1 claims. Because Stewart did not make this argument to the district court, we decline to address it on appeal. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("[A]bsent exceptional circumstances, we do not consider issues raised for the first time on appeal." (ellipsis and internal quotation marks omitted)).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*